IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACQUELINE S.,[1]

Plaintiff,

v.

KILOLO KIJAKAZI, Commissioner of Social Security,

Defendant.

Case No. 3:21-cv-01368-MK

**OPINION AND ORDER**

**KASUBHAI, U.S. Magistrate Judge.**

Jacqueline S. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3),

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is reversed.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I. PLAINTIFF'S APPLICATION

Born in October 1979, Plaintiff was 20 years old on her alleged onset date of March 1, 2000. (Tr. 194.) Plaintiff filed her applications for SSI and DIB on December 3, 2013. (Tr. 20.) Plaintiff alleges disability due to anxiety, manic depression, and migraine headaches. (Tr. 195.) Plaintiff's claim was denied initially and upon reconsideration, and she requested a hearing before

an Administrative Law Judge (ALJ). After an administrative hearing held June 1, 2016, ALJ S. Pines issued a written dated October 5, 2016 opinion denying Plaintiff's claim. (Tr. 17-31.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.)

Plaintiff sought judicial review of that decision, and on April 12, 2019, the District Court reversed the Commissioner's final decision and remanded the case for further proceedings. (Tr. 794, 797-821.) The Appeals Council remanded that case for further hearing on November 25, 2019, and a second hearing was held on April 22, 2021. (Tr. 713, 822, 824.) On May 20, 2021, the ALJ again denied Plaintiff's claims. (Tr. 710.) This appeal followed.

## II. THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954 (citations omitted).

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. (Tr. 715-27.) At step one, the ALJ determined that Plaintiff had engaged in substantial gainful activity since her alleged onset date of March 1, 2000. (Tr. 716.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of depression, anxiety, intellectual disability, and migraines. (Tr. 716.)

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 716.)

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform medium work with the following limitations: she is limited to simple, routine work in a workplace with no more than occasional workplace changes; she can have occasional, superficial contact with coworkers, and no teamwork; and she can have no contact with the public and should have no exposure to hazards. (Tr. 719.)

At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 726.) At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including laundry worker, hand packager, stores laborer, hotel/motel cleaner, small parts assembler, and marker. (Tr. 727.) The ALJ therefore concluded that Plaintiff was not disabled. (Tr. 727.)

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting Plaintiff's subjective symptom testimony; and (3) rejecting the lay witness testimony.

## DISCUSSION

### I. MEDICAL OPINION EVIDENCE

Plaintiff first argues that the ALJ improperly evaluated the medical opinion of Daniel Scharf, Ph.D.[2] "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" *Id.* (quoting *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002)). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence [in the record].'" *Ghanim*, 763 F.3d at 1161 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather

[2] The new regulations that govern how ALJs must evaluate medical opinion evidence do not apply here because Plaintiff filed her applications before March 27, 2017. *See generally Robert S. v. Saul*, No. 3:19-cv-01773-SB, 2021 WL 1214518, at *3 (D. Or. Mar. 3, 2021) (addressing the new regulations that apply to Social Security applications filed on or after March 27, 2017).

than the doctors', are correct." *Id*. (quoting *Reddick*, 157 F.3d at 725). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id*. at 1012-13 (citation omitted).

Dr. Scharf performed an intellectual assessment of Plaintiff, which included a mental status examination and a review of Plaintiff's medical records. (Tr. 702-09.) Dr. Scharf also completed a medical source statement and a written report, which indicated that Plaintiff "likely would have difficulties with persistence in her attention after 10 to 15 minutes." (Tr. 709.) While the ALJ gave significant weight to Dr. Scharf's opinion, Plaintiff argues that he improperly rejected Dr. Scharf's limitation that Plaintiff would have difficulties with persistence in attention. (Tr. 724.)

The Commissioner argues that Plaintiff does not allege harmful error, because Dr. Scharf's statement regarding Plaintiff's attention was not a "vocationally relevant limitation[]." (ECF 17, *7). The Court rejects this argument. A claimant's abilities with respect to persistence in attention are vocationally relevant and are routinely considered in evaluating whether or not a claimant meets a listed impairment; in formulating a claimant's RFC; and in determining whether a claimant can perform substantial gainful activity. See *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).

The Commissioner also argues that the ALJ properly considered Dr. Scharf's statement regarding Plaintiff's attention and contrasted it with other treatment notes in the record indicating that Plaintiff's attention and concentration were normal. (Tr. 717, 724, 1054, 1072, 1214.) In the Ninth Circuit, an ALJ may discount part of a medical opinion when it is inconsistent with the overall medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, however,

the ALJ purported to give significant weight to Dr. Scharf's opinion and did not provide specific reasons for rejecting it. On this record, the ALJ's evaluation of Dr. Scharf's opinion was error.

## II. SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff next argues that the ALJ improperly rejected her subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). At the administrative hearing, Plaintiff testified that she was unable to work due to her combined impairments limitations, including migraines that occur twice a month. (Tr. 49, 719.)

The ALJ found Plaintiff's testimony unpersuasive. (Tr. 719-20.) The ALJ first noted that Plaintiff's statements regarding her physical limitations were incompatible with the medical evidence. (*Id*.) The ALJ may consider objective medical evidence when assessing a claimant's testimony and may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. 20 C.F.R. 404.1529(c)(2); *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, the ALJ noted that Plaintiff's migraines appeared to improve with treatment. (Tr. 723, 518.) Specifically, Plaintiff reported in 2016 that her migraines had improved with medication, and that she had been headache-free for over a month. (Tr. 723, 518.) In 2020, Plaintiff reported that her migraines were "well managed" with medication and that her symptoms were "well tolerated." (Tr. 1322.) This evidence, however, is consistent with Plaintiff's allegations that her combined mental impairments and limitations prevent her from sustaining substantial gainful activity. These allegations are also supported by Dr. Scharf's opinion that Plaintiff can only perform activities in ten- to fifteen-minute segments. (Tr. 709.)

As a second reason for finding Plaintiff's statements unpersuasive, the ALJ next determined that Plaintiff's testimony regarding her disabling limitations was contradicted by her

level of activity during the relevant period. (Tr. 718, 720, 723.) An ALJ may discount a claimant's testimony when her activities "are incompatible with the severity of the symptoms alleged." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). Here, the ALJ noted that Plaintiff was able to care for her children, wash clothes, prepare meals, and help her children with homework. (Tr. 42, 210-12, 1049, 1051.) This evidence does not support a finding that Plaintiff's testimony regarding her limitations is unpersuasive; basic descriptions of activities of daily living, without more, is not sufficient to show how these activities contradict Plaintiff's statements regarding her symptoms and limitations. See *Diedrich v. Berryhill*, 874 F.3d 634 (9th Cir. 2017) (it is error to base an adverse disability decision on a claimant's minimal activities of daily living such as bathing and cooking).

As a third reason for rejecting Plaintiff's testimony, the ALJ noted that Plaintiff indicated that she had been applying for jobs and had considered applying for a nursing program. Plaintiff also testified at the second administrative hearing that she would resume her past work in childcare if she had a resume. (Tr. 776, 778, 1213, 1215.) This evidence is not sufficient explanations for discrediting the claimant. Expressing interest or desire to look for work is not evidence of substantial gainful employment; similarly, evidence that Plaintiff wanted to apply to a nursing program does not constitute any evidence of her functional abilities. Further, the record is clear that Plaintiff did not actually apply and attend a nursing program. The ALJ's inference from these statements and activities that Plaintiff's alleged mental limitations were not as severe as alleged in her testimony was therefore not supported by substantial evidence. (Tr. 724.)

The ALJ next noted that Plaintiff stopped working for reasons other than her alleged disability. (Tr. 723.) Here, Plaintiff reported that she stopped working due to pneumonia and the responsibilities involved with raising her children. (Tr. 723, 1052.) While the fact that a claimant

stopped working for reasons other than their alleged impairments can provide a sufficient basis to disregard a claimant's testimony, *Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010), the fact that Plaintiff stopped working largely due to an unrelated illness does not support the ALJ's evaluation of Plaintiff's testimony. In sum, the ALJ failed to provide legally sufficient reasons for finding Plaintiff's testimony unpersuasive. For this reason, the ALJ's decision is reversed.

## III. LAY WITNESS TESTIMONY

Plaintiff argues, finally, that the ALJ erred because he rejected the lay testimony of Plaintiff's mother, Stacie L. Ms. L. submitted two written statements and appeared to testify during Plaintiff's second administrative hearing. (Tr. 263, 759, 1035-36.) Ms. L. testified that Plaintiff was a great mother but struggled with completing tasks and being around people. (Tr. 724.) The ALJ need only provide germane reasons for rejecting a lay witness's testimony. *Valentine*, 574 F.3d at 694. Here, the ALJ considered Ms. L.'s testimony and assigned it "some weight." (Tr. 725-26.) The ALJ noted that Dr. Scharf's opinion, which described mostly moderate limitations consistent with the RFC, was supported by Dr. Scharf's own treatment records as well as the longitudinal medical record and was therefore more persuasive. (Tr. 724-26.) As discussed above, however, the ALJ erroneously rejected Plaintiff's testimony, as well as part of Dr. Scharf's opinion which is consistent with the lay testimony. On this record, the ALJ's evaluation of the lay witness testimony was not supported by substantial evidence.

## IV. REMAND

Because the court finds that the ALJ committed harmful error and therefore failed to include all of Plaintiff's limitations in Plaintiff's RFC, remand is appropriate. "Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke*

*v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison*, 759 F.3d at 1020 (citations omitted).

The credit-as-true standard is met if three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (citations omitted). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Here, Plaintiff meets the credit-as-true standard, and a remand for benefits is appropriate. As explained above, the ALJ failed to provide legally sufficient reasons supported by substantial evidence for rejecting the medical opinion of Dr. Scharf; Plaintiff's subjective symptoms testimony; and the lay testimony of Ms. L. See *Pulliam v. Berryhill*, 728 F. App'x 694, 697 (9th Cir. 2018) (citing *Garrison*, 759 F.3d at 1020). Given the substantial functional limitations described in the improperly discredited opinion evidence, if this evidence were credited as true, the ALJ would be required to find Plaintiff disabled. For this reason, and because the Court does not have serious doubt about whether Plaintiff is disabled, the Court exercises its discretion to remand this case for an award of benefits.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **REVERSED and REMANDED** for the immediate payment of benefits.

**IT IS SO ORDERED.**

DATED this 9th day of August 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge